ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ MANUEL RACHIER CINTRÓN; MARITZA RODRÍGUEZ FERNÁNDEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES CONSTITUIDA POR AMBOS<br><br>Parte Apelada<br><br>v.<br><br>CARLOS ROCKY ARROYO CARRERO; JOSÉ ARROYO CARRERO<br><br>Parte Apelante | KLAN202300958 | ***Apelación***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm. AÑ2023CV00118 Salón 306<br><br>Sobre:<br><br>Injunction |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de febrero de 2024.

Comparecen el Sr. Carlos Arroyo Carrero y el Sr. Josué Arroyo Carrero (en adelante, parte demandada-apelante) mediante un recurso de apelación y nos solicitan la revisión de la *Sentencia Parcial* dictada el 11 de agosto de 2023 y notificada el 17 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, TPI). Mediante este dictamen, el TPI declaró Ha Lugar la solicitud de *injunction* permanente presentada por la Sra. Maritza Rodríguez Hernández y el Sr. José Bachier Cintrón (en adelante, parte demandante-apelada).

Por los fundamentos que expondremos, se desestima el presente recurso de apelación por falta de jurisdicción.

**-I-**

El 10 de mayo de 2023, la parte demandante-apelada presentó una *Demanda* juramentada sobre acción civil, *injunction*

Número Identificador

SEN2024_____

preliminar y permanente, servidumbre en equidad, y daños y perjuicios en contra de la parte demandada-apelante.[1] En la demanda, se alegó que las partes eran dueñas de propiedades sitas en el barrio Piñales del municipio de Añasco gravadas con las restricciones voluntarias siguientes:

> **"Condiciones restrictivas:** Gravada con las siguientes condiciones Restrictivas a Favor del Paseo del Valle, S.G la parte vendedora y compradora manifestaron que para mantener uniformidad, belleza y estética acuerdan las siguientes condiciones:
>
> -Toda Propiedad a construirse deberá cumplir con los requerimientos de las correspondientes agencias Gubernamentales, incluyendo, pero no limitado a la Administración De Reglamentos y Permisos. **No se podrá construir segundas o cualquier otra planta de madera o metal, o que no guarden uniformidad con la planta baja.** Se prohíbe mezclar cemento, limpiar brocha de pintura, gasolina, etc. o cualquier labor que manche las aceras o el asfalto. Se prohíbe la crianza de animales o aves que afecten el ambiente de la comunidad. No se podrá estacionar vehículos en las calles por periodos mayores a 24 horas. Estas cláusulas restrictivas serán aplicables a los poseedores y dueños de las propiedades objeto de este negocio jurídico, sus herederos o causa habientes y será su obligación que las personas que los visite utilizan o poseen estas propiedades en cualquier momento determinado cumplan con las mismas. **No se podrán construir edificaciones comerciales o residencias cuyo valor sea inferior a $75,000.00 dólares en atención a mantener cierta uniformidad y calidad en la construcción**, todo según consta de la escritura número 134 otorgada en Hormigueros el 24 de mayo de 2000 ante el Notario Miguel A. Román Villanueva, que motivó la inscripción segunda."[2] (énfasis en el original).

Se alegó, además, que la parte demandada-apelante violó estas restricciones voluntarias al llevar a cabo ciertas construcciones e instalaciones en su propiedad.[3] Se solicitó como remedio la expedición de un *injunction* preliminar y permanente en su contra para que se abstuviera de continuar estas construcciones e instalaciones que infringían las restricciones voluntarias impuestas en sus propiedades; que se ordenara la remoción de las

---

[1] Apéndice 6 de la *Apelación a Sentencia Parcial*, págs. 23-30.
[2] Véase, *Íd.*, págs. 24-25.
[3] Véase, *Íd.*, págs. 26-27.

ya existentes; y que se concediera una indemnización por los daños y perjuicios sufridos por la parte demandante-apelada a causa de las mismas.[4]

El 25 de mayo de 2023, se celebró una *Vista de Injunction Preliminar y Permanente*, a la cual comparecieron las partes y sus respectivos abogados.[5] Finalizada la vista, el TPI expidió un *injunction* preliminar en contra de la parte demandada-apelante[6] y señaló la fecha para la vista de *injunction* permanente.

El 26 de mayo de 2023, la parte demandada-apelante presentó su *Constestación a la Demanda*.[7] En síntesis, la parte demandada-apelante negó la mayoría las alegaciones en su contra y levantó varias defensas afirmativas.

Luego de varios trámites procesales, el 8 de junio de 2023, se celebró la *Vista de Interdicto Permanente*[8] y, finalmente, el 17 de agosto de 2023, el TPI dictó y notificó la *Sentencia Parcial* apelada declarando Ha Lugar la solicitud de *injunction* permanente presentada por la parte demandante-apelada y ordenando la continuación de los procedimientos relacionados a la reclamación de daños emocionales y angustias mentales incluida en la demanda.[9]

El 21 de agosto de 2023, la parte demandada-apelante presentó una *Moción de Reconsideración; Solicitud de Determinaciones de Hecho y Conclusiones de Derecho Adicionales y*

---

[4] Posteriormente, la parte demandante-apelada presentó varias mociones acompañadas con prueba documental en apoyo a su solicitud. Entre esta, una Certificación Registral expedida por el Registro de la Propiedad y fotografías de la propiedad de la parte demandada-apelante. Véase, Apéndice 7 de la *Apelación a Sentencia Parcial*, págs. 31-34; y entradas núm. 16-18 en el expediente digital del Caso Núm. AÑ2023CV00118 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Apéndice 8 de la *Apelación a Sentencia Parcial*, págs. 35-36.
[6] En específico, se le ordenó a que mantuviera apagado un foco de luz de su propiedad que alumbraba la casa de la parte demandante-apelada durante la noche y a paralizar cualquier construcción en curso, si alguna. *Íd.*, pág. 36.
[7] Apéndice 9 de la *Apelación a Sentencia Parcial*, págs. 37-47.
[8] Véase, *Minuta* en la entrada núm. 38 en el expediente digital del Caso Núm. AÑ2023CV00118 en el SUMAC. Véase, además, Apéndice 20 de la *Apelación a Sentencia Parcial*, págs. 78-113.
[9] Apéndice 1 de la *Apelación a Sentencia Parcial*, págs. 1-9.

*Para que se Ordene la Transcripción de la Vista del 8 de junio de 2023*.[10] Mediante esta moción, la parte demandada-apelante solicitó la reconsideración del dictamen; que se hicieran determinaciones de hecho y conclusiones de derecho adicionales, y que se ordenara la transcripción de la vista.

El 18 de septiembre de 2023, notificada el 29 de septiembre de 2023, el TPI emitió una *Orden*, mediante la cual dispuso:

> "NO HA LUGAR A LA SOLICITUD DE RECONSIDERACIÓN. SE ORDENA A SECRETARÍA LA TRANSCRIPCIÓN DE LA VISTA, SEGÚN SOLICITADO."[11]

El 29 de septiembre de 2023, notificada el 5 de octubre de 2023, el TPI emitió otra *Orden* para aclarar y enmendar la *Orden* de 18 de septiembre de 2023.[12] En esta orden aclaratoria, el TPI dispuso lo siguiente:

> "El 18 de septiembre de 2023 este Tribunal emitió la siguiente orden: NO HA LUGAR A LA SOLICITUD DE RECONSIDERACIÓN. SE ORDENA A SECRETARÍA LA TRANSCRIPCIÓN DE LA VISTA, SEGÚN SOLICITADO. Por la presente se aclara que el Tribunal autoriza la regrabación de la vista, le corresponde a la representación legal o a la parte a su propio costo realizar la correspondiente transcripción de la misma."

Inconforme con la determinación del TPI, la parte demandada-apelante acudió ante nos el 27 de octubre de 2023 mediante el presente recurso de *Apelación a Sentencia Parcial*, en el cual señala los errores siguientes:

> Erró el Tribunal de Primera Instancia en su [S]entencia [P]arcial otorgando a la parte demandante-apelada una servidumbre en equidad que no puede hacerse por fiat judicial, sino por escritura e inscribirse en el Registro de la Propiedad. El derecho a la vista panorámica no es una servidumbre en equidad, ni siquiera está en la escritura de compraventa como así lo reconoció mediante testimonio la Sra. Maritza Rodríguez Fernández, Parte [C]o-demandante-Apelada y tampoco está inscrita en el Registro de Propiedad. (Véase Exhibit 20, página 96, línea 59).

---

[10] Apéndice 2 de la *Apelación a Sentencia Parcial*, págs. 10-19.
[11] Apéndice 3 de la *Apelación a Sentencia Parcial*, pág. 22.
[12] Apéndice 5 de la *Apelación a Sentencia Parcial*, pág. 20.

Erró el Tribunal de Primera Instancia al declarar Con Lugar la solicitud de [I]njunction Permanente radicada por la parte Demandante-Apelada de epígrafe, Maritza E. Rodríguez Hernández y José M. Bachier Cintrón, expresando que le asiste la razón el derecho y a la luz de los hechos probados en el caso.

Erró el Tribunal de Primera Instancia al ordenar a la Parte Demandada-Apelante, Carlos Rocky Arroyo Carrero y Josué Arroyo Carrero, que eliminen y desmantelen la verja construida en varillas de aceros amarradas con alambres dulces y marres plástico en material de látices plásticos y se abstengan de construir toda o cualquier otra verja en la colindancia a los largo de los solares número seis de la finca 10,659 de Añasco, Puerto Rico del Registro mobiliario de Mayagüez y el solar número 5 de la finca número 10,652 de Añasco, del Registro mobiliario de Mayagüez y el solar número 5 de la finca número 10,652 de Añasco, del Registro mobiliario de Mayagüez, que en forma alguna obstruya la Vista a la que disfrutan y tienen derecho a disfrutar la Parte Demandante-Apelada.

Erró el Tribunal de Primera Instancia al ordenar a la Parte Demandada-Apelante a no sembrar en la colindancia de los solares número [s]eis de la finca 10,659 de Añasco, Puerto Rico del Registro mobiliario de Mayagüez y el solar número 5 de la finca número 10,652 de Añasco, del Registro mobiliario de Mayagüez; árboles, arbustos o plantas que forma alguna obstruyan la vista a la que tiene derecho la Parte Demandant[e]-Apelada.

Erró el Tribunal de Primera Instancia al ordenar, a la Parte Demandada-Apelante a sacar y eliminar de su propiedad el "home" o "camper" usado, instalado con carácter permanente sobre el piso de cemento.

Erró el Tribunal de Primera Instancia al ordenar a la Parte-Demandada-Apelante romper, destruir y tapar con tierra el pozo séptico que construyeron y la letrina que ubica en la propiedad.

Erró el Tribunal de Primera Instancia al ordenar a la Parte Demandada-Apelante desmantelar y destruir todo o cualquier techo aéreo construido en metal en la propiedad.

Erró el Tribunal de Primera Instancia al ordenar a la Parte Demandada-Apelante pagar la cantidad de $230.00 por concepto de costas del presente caso.

El 9 de noviembre de 2023, la parte demandante-apelante presentó su *Alegato del Apelado*.

Examinados los recursos presentados por las partes, así como el dictamen apelado, encontramos que existe un asunto jurisdiccional que dispone del caso ante nuestra consideración.

**-II-**

**-A-**

La jurisdicción de un tribunal se define como la autoridad que por una ley o la Constitución se le ha concedido al foro para considerar y decidir casos o controversias. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, supra; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo

nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.* En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*; *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**-B-**

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir en alzada a un tribunal de mayor jerarquía. *División de Empleados Públicos de la Unión Gen. de Trabajadores v. Cuerpo de Emergencias Médicas de P.R.*, 2023 TSPR 107, 212 DPR ___ (2023); *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731 (2016); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). Al respecto, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone lo siguiente:

> "La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben

reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto."

De conformidad con la Regla 47 de Procedimiento Civil, *supra*, una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir en alzada. Ese término comienza a decursar nuevamente "desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(e)(2).10 Véase, además, *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Lagares v. E.L.A.*, 144 DPR 601, 613 (1997). Ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, siempre que se cumpla con los requisitos de forma expuestos en la Regla 47 de Procedimiento Civil, *supra*.

Por otra parte, la moción que se presenta en virtud de la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1, es aquella dirigida a que "el tribunal que dicta una sentencia la corrija mediante enmiendas formulando determinaciones de hecho -a base de la prueba presentada en juicio— o conclusiones de derecho pertinentes al fallo". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268-269 (2018), citando a R. Hernández Colón, *Práctica Jurídica de*

*Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 466. La Regla 43.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> "No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, o podrá enmendar o hacer determinaciones adicionales y podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, **éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera.** En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente, aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado una moción para enmendarlas, o no haya solicitado sentencia.
>
> La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto." (énfasis suplido).

Los propósitos de la Regla 43.1 de Procedimiento Civil, *supra,* son permitir: (1) que el tribunal quede satisfecho de que atendió cabalmente todas las controversias y; (2) que las partes y los foros apelativos estén informados de todos los cimientos de la decisión del Tribunal de Primera Instancia. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1 (2014), citando a J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., San Juan, Publicaciones JTS, 2011, Tomo IV, págs. 1261-1262.

En lo pertinente al caso ante nuestra consideración, la Regla 43.1 de Procedimiento Civil, *supra,* exige que, si una parte pretende solicitar reconsideración y determinaciones de hechos adicionales, debe acumular ambas solicitudes en la misma petición. De igual

manera, el tribunal deberá resolver esos asuntos mediante una sola resolución. *Morales y otros v. The Sheraton Corp.,* supra.

Por otra parte, la Regla 43.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.2, establece los requisitos de forma y los efectos de una moción de determinaciones de hechos adicionales:

> "La moción de enmiendas o determinaciones iniciales o adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales.
>
> Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedará interrumpido el término para apelar, para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso."

Al igual que la moción de reconsideración, una moción presentada oportunamente bajo la Regla 43.1 de Procedimiento Civil, *supra,* interrumpirá automáticamente los términos para recurrir en alzada, siempre que se cumplan las especificaciones que la propia regla establece. *Morales y otros v. The Sheraton Corp.,* supra; *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86, 95 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 879-880 (2007). Entre estas, se requiere que toda solicitud de determinaciones de hechos adicionales constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y se funde en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales. Regla 43.2 de Procedimiento Civil, *supra*; *Morales y otros v. The Sheraton Corp.,* supra; *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 356-357 (2003); *Andino v. Topeka, Inc.,* 142 DPR 933, 939-940 (1997).

Finalmente, la Regla 43.2 de Procedimiento Civil, *supra,* dispone que, presentada una solicitud de determinaciones de hechos adicionales, quedará interrumpido el término para apelar, para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso. *Íd.*

**-III-**

Como cuestión de umbral, nos corresponde determinar si tenemos jurisdicción para atender el recurso de apelación presentado por la parte demandada-apelante. Según reseñamos, el el 21 de agosto de 2023, la parte demandada-apelante presentó *Moción de Reconsideración; Solicitud de Determinaciones de Hecho y Conclusiones de Derecho Adicionales y Para que se Ordene la Transcripción de la Vista del 8 de junio de 2023*, en la que solicitó, en un mismo escrito, la reconsideración del dictamen; que se hicieran determinaciones de hechos y conclusiones de derecho adicionales, y que se ordenara la transcripción de la vista. En atención a esta moción, el TPI emitió una orden, mediante la cual dispuso **únicamente** de la solicitud de reconsideración y regrabación presentadas por la parte demandada-apelante.

Según expuesto, la Regla 43.1 de Procedimiento Civil, *supra,* exige que la moción de determinaciones de hechos adicionales y la de reconsideración se presenten en un solo escrito **y que el tribunal resuelva de igual manera en un solo dictamen**. Véase, además, *Morales y otros v. The Sheraton Corp.,* supra. El comienzo del transcurso del término para acudir ante este tribunal está condicionado a que el Tribunal de Primera Instancia pase juicio sobre ambas solicitudes.

En el caso ante nuestra consideración, nada se dispuso en las órdenes emitidas por el TPI con respecto a la solicitud de

determinaciones de hechos y conclusiones de derecho adicionales presentada por la parte demandada-apelada. Consecuentemente, el término para recurrir ante este Tribunal Apelativo no ha comenzado a transcurrir. Por lo tanto, determinamos que el presente recurso de apelación fue presentado de forma prematura.

**-IV-**

Por los fundamentos antes expuestos, de conformidad a la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* se desestima el recurso de apelación por falta de jurisdicción al ser prematuro.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones